[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Genuine issue of material fact exists. Affidavit of Leonard J. Baginski states in Par. 4 that CIRMA was never notified by the First National Bank of Litchfield that the check had been altered, fraudulently endorsed and paid to someone other than CIRMA, and in Par. 3 that CIRMA didn't find out until February 16, 1990 that someone else had been paid on the check.
The Plaintiffs have raised the issue of fraudulent concedment of the action by the Defendant, in their Fourth Reply To The Defendant's First Special Defense, filed June 24, 1993, and on Pages 7 and 8 of their Memorandum dated June 28, 1993.
 "If any person liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence. Conn. Gen. Stat. 52-595.
Although the mere presence of an adverse claim is not sufficient to defeat a motion for summary judgment, the Court holds that the "Plaintiff's Fourth Reply To The Defendant's First Special Defense," is factually specific enough to create a genuine issue of material fact when read together with the affidavits of Leonard J. Baginski and Kathleen K. McGarry.
Motion For Summary Judgment is denied.
Richard A. Walsh, J.